# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-816V
### Filed: December 9, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
PARRA O'SIOCHAIN,                     *
                                      *
                Petitioner,           *
       v.                             *     Attorney Fees and Costs; Stipulation
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                Respondent.           *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Amber Wilson, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.*
*Justine Walters, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On September 4, 2014, Parra O'Siochain filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that he suffered Guillain-Barré syndrome (GBS) resulting from the influenza vaccine he received on December 22, 2011. Petition, ¶¶ 2, 11-12. On September 25, 2015, a decision awarding compensation to petitioner based on the parties' stipulation was issued.

      On December 9, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon an award of $19,428.51 for attorney's fees and costs. In compliance with General Order

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

#9, petitioner filed a statement indicating petitioner incurred no out-of-pocket expenses in this case.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  The proposed amount is reasonable.

**Accordingly, I award the total of $19,428.51[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Amber Wilson.  Per petitioner's request, the check should be sent to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**  *See* Stipulation, ¶ 6.

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
**Nora Beth Dorsey**
Chief Special Master

---

[3] Petitioner's counsel also represented that petitioner incurred no out-of-pocket expenses.  Stipulation, ¶ 4.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).